IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ethox Chemical, LLC; James Tanner, ) | |
| ) | Case No. 6:12-cv-01682-TMC |
| Plaintiffs, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| The Coca-Cola Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiffs, Ethox Chemical, LLC, ("Ethox") and James Tanner ("Tanner") (collectively, the "plaintiffs") filed their complaint against The Coca-Cola Company ("Coca-Cola") on June 19, 2012, alleging a variety of claims arising out of Coca-Cola's alleged theft of the molecule PEM. (Dkt. No. 1.) Coca-Cola, then, moved to dismiss certain of plaintiffs' claims and for a more definite statement. (Dkt. No. 20.) That motion was fully briefed by both parties. (Dkt. Nos. 20-1, 28, 29.)

This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"),[1] recommending that (1) defendant's motion to dismiss be (a) granted as to plaintiffs' South Carolina Unfair Trade Practices Act ("SCUTPA"), fraud, negligent misrepresentation, and misappropriation of trade secrets claims and (b) denied as to plaintiffs' misappropriation claim, and (2) defendant's motion for a more definite statement be denied. (Dkt. No. 34.)

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

In about February 2009, Coca-Cola approached Ethox to assist with the development and assessment of a new type of molecule that would provide greater barrier resistance for plastic bottles, thereby increasing the shelf life of the bottled products. Ethox agreed to assist and Tanner, an Ethox chemist, came up with PEM. Coca-Cola later filed two utility patent applications, which included PEM, without informing Ethox or listing Tanner as a co-inventor. As a result, Ethox and Tanner filed this action, seeking to have Tanner named as a co-inventor on the patent applications and patent and to hold Coca-Cola responsible for misappropriating PEM.

Coca-Cola has moved to dismiss only plaintiffs' claims for violation of the SCUTPA, misappropriation, fraud, negligent misrepresentation, and misappropriation of trade secrets. (Dkt. No. 20.) In support, Coca-Cola asserts that South Carolina does not recognize a cause of action for misappropriation and that the other state law claims are insufficiently pled and subject to federal preemption. In response, the plaintiffs contend that South Carolina does recognize a claim for misappropriation and that their other claims are adequately pled.[2] (Dkt. No. 28.) In addition, the plaintiffs argue that Coca-Cola's motion for a more definite statement is vague and self-defeating.

After a thorough review, the magistrate judge recommended that (1) defendant's motion to dismiss be (a) granted as to plaintiffs' SCUTPA, fraud, negligent misrepresentation, and misappropriation of trade secrets claims and (b) denied as to plaintiffs' misappropriation claim, and (2) defendant's motion for a more definite statement be denied. (Dkt. No. 34.)

---

[2] The court notes that, in response to Coca-Cola's motion to dismiss, the plaintiffs withdrew their second cause of action seeking inventorship over U.S. Patent Application Ser. No. 12/629, 379. (*See* Dkt. No. 28 p. 2 n.1.)

Both parties have objected to the Report (Dkt. Nos. 35, 37) and have responded to the other party's objections (Dkt. Nos. 41, 42).

## II. Legal Standard

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* at 678.

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Discussion

### a. SCUTPA

SCUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a). Trade or

commerce includes "the advertising, offering for sale, sale or distribution of any services and any property . . . and any other article, commodity or thing of value." S.C. Code Ann. § 39-5-10(b). In order to establish a SCUTPA violation, a plaintiff must demonstrate "(1) that the defendant has engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998).

"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is 'deceptive' when it has a tendency to deceive." *Young v. Century Lincoln-Mercury, Inc.*, 396 S.E.2d 105, 108 (S.C. Ct. App. 1989).

"An impact on the public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004). The potential for repetition can be shown by either "showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence" or "showing the company's procedures created a potential for repetition of the unfair and deceptive acts." *Id.* "Conduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim." *Bessinger v. Food Lion, Inc.*, 305 F.Supp.2d 574, 581 (D.S.C. 2003). However, "the plaintiff in a SCUTPA action is required only to allege and prove those facts sufficient to demonstrate potential for repetition; at that point, plaintiff has proven an adverse effect on the public interest sufficient to recover under the SCUTPA." *Liberty Mutual Ins. Co. v. Employee Resource Management, Inc.*, 176 F.Supp.2d 510, 516 (D.S.C. 2001).

The Report recommends dismissing the plaintiffs' SCUTPA claim because the plaintiffs failed to (1) allege that the unfair or deceptive acts occurred in the conduct of "the advertising,

4

offering for sale, sale, or distribution" of anything of value and (2) plead sufficient facts to establish that the alleged unlawful trade practice had an adverse impact on the public interest. The plaintiffs object, arguing that (1) the statutory language includes non-limiting examples and plaintiffs' allegations fall into the general scope of the statute and (2) the complaint's allegations of similar past acts are enough to allege the potential for repetition.

Here, the court agrees with the Report. With regard to public interest, the complaint merely states: "This case does not represent the first instance in which Coca-Cola has been accused of engaging in unfair methods of competition and deceptive business practices. Without Court intervention, there is a legitimate threat that Coca-Cola will continue to engage in unfair practices and repeat its deceptive business practices, and, as a result, Coca-Cola's actions adversely affect the public interest." (Dkt. No. 1 ¶¶ 84-85.)

These conclusory allegations, without supportive facts, are not enough to survive Coca-Cola's motion to dismiss. Even if Coca-Cola has been accused of similar past violations, which the court is not assuming without additional factual allegations, allegations of accusations are not the same as allegations of specific similar past acts. Similarly, the complaint fails to allege any specific procedures or business practices that create the potential for repetition. The court also notes that the outcome of this case will affect only the parties and not the broader public. Therefore, plaintiffs' SCUTPA claim is dismissed with prejudice.

**b. Misappropriation**

The Report recommends denying Coca-Cola's motion with regard to plaintiffs' misappropriation claim. Plaintiffs argue, and the Report agrees, that the South Carolina Supreme Court recognized misappropriation as a cause of action separate and distinct from trade secret misappropriation in *Super Duper, Inc. v. Pennsylvania Nat'l Mutual Casualty Ins. Co.*, 385 S.C.

5

201 (2009).  Coca-Cola objects, asserting that *Super Duper* only discusses the term misappropriation in determining its meaning for insurance coverage purposes and that the case does not suggest that an independent cause of action for misappropriation exists under South Carolina law.

Here, the court agrees with Coca-Cola.  In *Super Duper*, a district court judge certified to the South Carolina Supreme Court the question of "whether an underlying suit premised upon trademark infringement by the insured qualifies as injury arising out of the offense of 'misappropriation of advertising ideas or style of doing business'." *Id.* at 207.  In resolving the question before it, the court makes fairly clear that it is interpreting the specific language of the insurance contract involved in the case, which defined "Advertising injury" as an "injury arising out of" the offense of "Misappropriation of advertising ideas or style of doing business," but failed to further define the term misappropriation.  *Id.* at 204, 205, 209-10 (The District Court "presents certified questions concerning commercial general liability (CGL) insurance policies"; "based on the policy terms before us"; adopting the common meaning of the word misappropriation from Webster's dictionary, rather than the common law tort meaning).  This court does not find any language in *Super Duper* suggesting that the Supreme Court of South Carolina recognized a common law misappropriation cause of action under South Carolina law.  Thus, in the absence of any other case law or argument advancing this claim, the court dismisses plaintiffs' misappropriation claim with prejudice.

### c. Fraud & Negligent Misrepresentation

In order to successfully plead a cause of action for fraud, a plaintiff must show (1) a misrepresentation, (2) its falsity, (3) its materiality, (4) either knowledge of its falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the

hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993). In addition, under Federal Rule of Civil Procedure 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud, including "'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)).

In order to state a claim for negligent misrepresentation, a plaintiff must establish that: "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to communicate truthful information to the plaintiff; (4) the defendant breached that duty; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as a result of such reliance." *Schnellmann v. Roettger*, 368 S.C. 17, 17 (S.C. Ct. App. 2006).

The Report recommends dismissing plaintiffs' fraud and negligent misrepresentation claims because the complaint fails to allege (1) when and where the alleged misrepresentation was made or who made it or (2) sufficient facts to demonstrate that the representation was false at the time it was made. The plaintiffs object and assert that the complaint satisfies the Rule 9(b) pleading requirement by naming at least one Coca-Cola employee engaged in the fraud and alleging the time period during which the fraud took place – namely, upon the taking of the PEM molecular structure and its subsequent placement in and filing of patent applications.[3]

---

[3] The plaintiffs also assert that the Report imposes a higher pleading standard than that required by Rule 9. In particular, the plaintiffs object to the Report requiring them to prove that Coca-Cola's representations and omissions

7

The court agrees with the Report. The complaint alleges that "Coca-Cola falsely and knowingly misrepresented that it would maintain Plaintiffs' disclosures in confidence." (Dkt. No. 1 ¶ 100.) But, after a thorough review of the complaint and all other submissions in this case, the court cannot find what the alleged understanding of confidentiality is based on. Alleging a general understanding of confidentiality is not the same as alleging a specific representation made by one party to another evoking reliance. Without pleading a specific representation, the plaintiffs cannot satisfy the other eight elements of their fraud and negligent misrepresentation claims.

Accordingly, plaintiffs' fraud and negligent misrepresentation claims are dismissed, but without prejudice.[4]

### d. Misappropriation of Trade Secrets

Under the South Carolina Code, "Trade secret" means "[i]nformation including, but not limited to, a formula, pattern, compilation, program, device, method, technique, product, system, or process, design, prototype, procedure, or code that" (1) "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other person who can obtain economic value from its disclosure or use," and (2) "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." S.C. Code Ann. § 39-8-20(5)(a). The South Carolina Supreme Court views the second requirement as a particularly high bar. Accordingly, "[r]evealing a trade secret to others is . . . fatal to its protected status unless one 'exercises eternal vigilance.' The exercise

---

were false. The court acknowledges this objection, but interprets the Report as merely requiring the plaintiffs to plead, not prove, falsity. This requirement is well within Rule 9's pleading standards.

[4] The court grants the plaintiffs leave to file a motion to amend the complaint, in accordance with Federal Rule of Civil Procedure 15(a)(2), within ten days of the entry of this order, to address any claims the court dismisses without prejudice.

of 'eternal vigilance' imposes a heavy burden on the owner of a trade secret, as it 'calls for constant warnings to all persons to whom the trade secret has become known and obtaining from each an agreement, preferably in writing, acknowledging its secrecy and promising to respect it.'" *Hill Holliday Connors Cosmopulos, Inc. v. Greenfield*, 433 F. App'x 207, 214 (4th Cir. 2011) (unpublished opinion) (quoting *Lowndes Prods., Inc. v. Brower*, 191 S.E.2d 761, 766 (S.C. 1972)).

The Report recommends dismissing plaintiffs' misappropriation of trade secrets claim because they fail to plead sufficient facts to demonstrate that PEM was the subject of efforts that were reasonable under the circumstances to maintain its secrecy. The plaintiffs object and point to specific paragraphs in the complaint that they argue show that they shared the identity of PEM with Coca-Cola under the protection of confidentiality, took steps to maintain the confidentiality of PEM, and only disclosed PEM to Coca-Cola because the parties were engaged in a joint development project and the parties' interactions were confidential.

The court, again, agrees with the Report. The paragraphs plaintiffs rely on, even taken in the context of the entire complaint, do not demonstrate the eternal vigilance required in South Carolina. In particular, the plaintiffs point the court to paragraphs 115-119 to support their argument that they took steps reasonable under the circumstances to maintain PEM's secrecy. However, the only somewhat supportive paragraph in that section merely states: "Plaintiffs took reasonable efforts to maintain the secrecy of the PEM molecule." (Dkt. No. 1 ¶ 116.) That statement alone is not enough. Therefore, plaintiffs' misappropriation of trade secrets claim is dismissed, but without prejudice.

**e. Motion for a More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The motion is "designed to strike at unintelligibility rather than simple want of detail." *Frederick v. Koziol*, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990). A motion for more definite statement "is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied." *Id.*

The Report recommends denying defendant's motion for more definite statement.  Coca-Cola objects, arguing that it needs a more definite statement of plaintiffs' claims, and particularly the relief and damages plaintiffs seek, in order to determine the extent to which they are or are not preempted by federal law.

The court agrees that Coca-Cola's motion for more definite statement should be denied, but for slightly different reasons than those cited in the Report.  The court interprets defendant's motion as seeking a more definite statement of the alleged damages and remedies sought for all of the state law claims.  Damages and remedies are both topics that the parties can adequately address during the discovery process.  For that reason, the court denies Coca-Cola's motion for more definite statement.

**f. Remaining Claims**

In their objections, the plaintiffs argue that Coca-Cola is in default on the remaining claims in the complaint that are not addressed in Coca-Cola's motion to dismiss.  Accordingly, the plaintiffs would like the court to enter an order finding that all facts are deemed admitted as to those claims and to enter a default judgment sua sponte as to liability.

The court declines to take either of these actions. Coca-Cola's motion for more definite statement applied to all claims in the complaint, including the ones it did not move to dismiss. So, pursuant to Federal Rule of Civil Procedure 12(a)(4), Coca-Cola would have fourteen days from the entry of this order denying its motion for more definite statement to file a response to the remaining claims in the complaint. *See* Fed. R. Civ. P. 12(a)(4). However, because the court is granting the plaintiffs leave to file a motion to amend the complaint, in the interest of judicial economy and resources, Coca-Cola will have until fourteen days after service of the amended pleading to respond to all claims. *See* Fed. R. Civ. P. 15(a)(3).

## IV. Conclusion

The court has carefully reviewed the pleadings, motion to dismiss and accompanying memoranda, the Report, objections, and responses to the objections. For the foregoing reasons, the court dismisses plaintiffs' SCUTPA and misappropriation claims with prejudice and dismisses plaintiffs' fraud, negligent misrepresentation, and misappropriation of trade secrets claims without prejudice. In addition, the court denies Coca-Cola's motion for a more definite statement. Accordingly, Coca-Cola's motion to dismiss and for a more definite statement (Dkt. No. 20) is granted in part and denied in part.

The court also grants the plaintiffs leave to file a motion to amend the complaint within ten days of the entry of this order. Coca-Cola will then have fourteen days after service of the amended pleading to respond.

IT IS SO ORDERED.

s/ Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
January 3, 2013