IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ethox Chemical, LLC; James Tanner, ) | |
| ) | Case No. 6:12-cv-01682-TMC |
| Plaintiffs, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| The Coca-Cola Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.  BACKGROUND

Before the events giving rise to the current suit, The Coca-Cola Company ("Coca-Cola") developed a genus of molecules it calls Formula II, which it hoped would lead to the development of a molecule that would provide greater barrier resistance for plastic bottles, thereby increasing the shelf life of bottled products.  In February 2009, Coca-Cola approached Ethox Chemical, LLC ("Ethox"), to assist with the development and assessment of these molecules.  Ethox agreed to assist and James Tanner ("Tanner")[1], an Ethox chemist, offered PEM.  Coca-Cola later filed two utility patent applications, which included PEM, without informing Ethox or listing Tanner as a co-inventor.[2]  As a result, Ethox and Tanner filed this action, seeking to have Tanner named as a co-inventor on the patent and to hold Coca-Cola responsible for misappropriating PEM.

In January 2013, the court dismissed Ethox's South Carolina Unfair Trade Practices Act and misappropriation claims with prejudice, dismissed its fraud, negligent representation, and misappropriation of trade secret claims without prejudice, and granted Ethox leave to file a

---

[1] Because Tanner has assigned all of his rights to Ethox, the court refers to Tanner and Ethox, collectively, as "Ethox" in parts of this order.
[2] Central to this dispute is U.S. Patent No. 8,110,265 ("the '265 patent").

1

motion to amend the complaint. (ECF No. 43.) Ethox expressly chose not to amend at that time. (ECF No. 45.) Thus, the only remaining claims are for (1) correction of ownership of patent pursuant to 35 U.S.C. § 256; (2) unjust enrichment; and (3) imposition of constructive trust.

In June 2013, the court heard extensive argument on the parties' motions for protective orders. The court adopted the proposed confidentiality order, including an agreed upon prosecution bar. Since our last hearing, it appears that the parties have been actively engaging in discovery.

On May 28, 2014, counsel gathered and the court heard oral argument on Ethox's motion to compel (ECF No. 93). Also pending before the court at that time were (1) Coca-Cola's motion for summary judgment (ECF No. 97); (2) Coca-Cola's motion to strike jury trial demand (ECF No. 98); and (3) Ethox's motion to amend the complaint (ECF No. 99). However, because the court determined after oral argument on the motion to compel that Ethox is entitled to additional discovery, it found the other three motions premature and denied them without prejudice and with leave to re-file when the parties complete discovery. (*See* ECF No. 155.) Accordingly, this order only addresses the motion to compel.

## II.  LEGAL STANDARD

The court reviews procedural matters not unique to patent law, such as a motion to compel, under the law of the regional circuit. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed. Cir. 1993). In the Fourth Circuit, the trial court has broad discretion to grant or deny a motion to compel discovery. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

III.  DISCUSSION

1. Depositions

Ethox has conducted three Rule 30(b)(6) depositions, but asserts that none of the designated witnesses were prepared to provide the requested information on certain topics. Specifically, Ethox challenges the witnesses' testimony on Topics 10-15, regarding the contribution of each of the named inventors to the '265 patent and related patent applications, and Topics 5, 8, and 20, regarding Coca-Cola's work on compounds falling within Formula II, including its business dealings with third parties.  Accordingly, Ethox has moved the court to order Coca-Cola to produce witnesses adequately prepared to testify as to the 30(b)(6) topics.  In addition, Ethox requests that the court order Coca-Cola to pay costs and fees associated with having to re-conduct the depositions.  In response, Coca-Cola argues that, in lieu of specifically preparing witnesses to testify on the 30(b)(6) topics, it produced the three people with the most personal knowledge of the events at the heart of this lawsuit – the other named inventors on the '265 patent.[3]

Federal Rule of Civil Procedure 30(b)(6) requires a corporation to respond to a deposition notice by designating and producing someone familiar with the topics listed in the notice. Fed. R. Civ. P. 30(b)(6); *see Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). The designated witness testifies on the corporation's behalf and, thus, testifies not only on his personal knowledge of a subject, but on corporate knowledge. *See Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006).  It follows that, in order to comply with the rule, the

---

[3] Coca-Cola also argues that the court should dismiss Ethox's motion to compel as untimely under Local Civil Rule 37.01, DSC.  Rule 37.01 requires a party to file a motion to compel "within twenty-one (21) days after the receipt of the discovery response to which the motion to compel is directed."  The district court has discretion to consider an untimely motion to compel if the movant "offer[s] an acceptable explanation for [the motion's] tardiness."  *Spencer Med. Assoc. v. Comm'r*, 155 F.3d 268, 273 (4th Cir. 1998).  Here, there is some debate regarding when the relevant discovery substantially concluded.  In the interest of deciding this case on the full merits, the court declines to dismiss this motion on a possible procedural error.

3

corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information. *See Bd. of Trustees of Leland Stanford Jr. University v. Tyco Intern. Ltd.*, 253 F.R.D. 524 (C.D. Cal. 2008) (Rule 30(b)(6) implicitly requires a corporate designee to review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and reviewing them would be burdensome); *State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203 (E.D. Pa. 2008) (As a corollary to the corporation's duty to designate a deposition witness, it must prepare its designee to be able to give binding answers on its behalf, and perform a reasonable inquiry for information that is noticed and reasonably available to it); *Wilson v. Lakner*, 228 F.R.D. 524 (D. Md. 2005) (Corporation's designated deponent is required to make good faith effort to find out relevant facts).

After a full review of the deposition transcripts, it is clear to the court that Coca-Cola did not adequately prepare its 30(b)(6) designees. The designated co-inventors did not consult with each other or other Coca-Cola employees or representatives regarding the deposition topics or review any associated notes or written materials. In several instances, the designees were not able to testify as to their own personal involvement, let alone institutional knowledge of a topic, due to lack of preparation. Accordingly, Ethox's motion is GRANTED as to its request for additional 30(b)(6) depositions and Coca-Cola is ordered to produce witnesses sufficiently prepared to answer questions related to Topics 5, 8, 10-15, and 20.[4]

---

[4] Ethox has also requested reimbursement from Coca-Cola of any costs and fees associated with re-conducting the depositions. In order to grant this request, the court would first have to make a finding that an award of fees and costs is appropriate, then determine if the requested amount is reasonable through the application of factors adopted in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) and analysis of the lodestar formula. In this instance, discovery has not been completed, so the court is unable to conduct this analysis on the record before it. Accordingly, Ethox's request for fees and costs is denied without prejudice.

2. Documents

Ethox also moves the court to order Coca-Cola to produce several documents that Coca-Cola has withheld as privileged. Specifically, Ethox requests:

(1) Four draft patent applications, identified as:

   a. CCCO_ETHOX_00007139,

   b. CCCO_ETHOX_00007204,

   c. CCCO_ETHOX_00006579, and

   d. CCCO_ETHOX_00006650;

(2) Unredacted versions of two copies of a monthly project update:

   a. CCCO_ETHOX_00001607 and

   b. CCCO_ETHOX_00001609; and

(3) An unredacted version of a draft memorandum by Robert Kriegel:

   a. CCCO_ETHOX_00001806.

At the hearing, the parties represented to the court that they could reach an agreement regarding the production of these documents. On June 10, 2014, the court received a joint proposal from the parties, which the court filed as an order on June 12, 2014. (ECF No. 157.) Pursuant to that order and by consent of the parties,

(1) Coca-Cola agrees to make unredacted copies of the documents available for review and use by Ethox, including at deposition, in papers filed with the Court, in expert reports, and as part of Ethox's affirmative and defensive presentations at trial; and

(2) Ethox agrees that the production of such documents and the elicitation of testimony concerning such documents, as well as the subsequent use of such documents by Ethox shall not be deemed a waiver of any attorney-client, work product, or any other

applicable privilege that Coca-Cola has in the documents or the subject matter of the documents.

## IV.  CONCLUSION

For the reasons stated above, Ethox's motion to compel (ECF No. 93) in granted in part. Discovery shall proceed as outlined in this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 16, 2014
Anderson, South Carolina